**Barbra Ruth SCHMITT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–91–091 CR.**

Court of Appeals of Texas, Beaumont.

March 4, 1992.

Publication ordered March 12, 1992.

Blaise J. Heaney, Houston and Damon C. Thomas, Cleveland, for appellant.

A.J. Hartel, Liberty, for the State.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BURGESS, Justice.

The trial court convicted Barbra Ruth Schmitt of the misdemeanor offense of "no operator license" and assessed punishment at a $101 fine. Appellant raises three points of error, which we address out of order.

■ Point of error three complains the trial court erred in not granting appellant's motion to dismiss because the complaint began "In the name and by *the* Authority of the State of Texas...." Point of error two contends the trial court erred in not granting appellant's motion to dismiss because the complaint was defectively vague. Appellant failed to preserve error in each of these points because her motion to dismiss was not filed until the day of trial. TEX.CODE CRIM.PROC.ANN. art. 1.14(b) (Vernon Supp.1992). Point of error two and three are overruled.

■ Point of error one challenges the sufficiency of the evidence to support the conviction. The complaint alleged appellant "did then and there drive a motor vehicle upon a public street of said City, to wit: *JACK IN THE BOX PARKING LOT* without then and there having in *HER* immediate possession a valid operator's license authorizing *HER* to so drive and operate such motor vehicle as required by law...." The only evidence introduced at trial was an oral stipulation that appellant "was operating a motor vehicle in the parking lot and had an accident and that when she was requested to show her drivers [sic] license, she did not have a drivers [sic] license." An oral stipulation may be considered as evidence in a misdemeanor case. *Martin v. State,* 745 S.W.2d 411 (Tex. App.—Dallas 1988, pet. ref'd).

■ We must determine whether, viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The sufficiency of the evidence is measured against the charge. *Jones v. State,* 815 S.W.2d 667 (Tex.Crim.

App.1991). When a necessary allegation is described with unnecessary particularity, all the circumstances must be proved and cannot be rejected as surplusage. *Cohen v. State,* 479 S.W.2d 950 (Tex.Crim.App. 1972). As this case was tried to the court, the charging instrument is the complaint itself. The state was required to prove that appellant drove a motor vehicle *upon a public street.* As charged, the state was required to prove both that appellant drove in the *Jack-in-the-Box* parking lot *and* that parking lot was a public street. The record contains a stipulation that appellant operated a motor vehicle in the parking lot, but is silent as to whether that parking lot is a public street. In fact, that was the only issue contested before the trial court. The state put on no evidence of the nature of the parking lot.

■ We decline to hold that a parking lot is a public street as a matter of law. Under prior law, a conviction for driving while intoxicated required proof that the accused operated a motor vehicle on a *public highway* or a *public street.* See TEX.REV.CIV. STAT. art. 6701*l*-1 (amended); TEX.PENAL CODE ANN. art. 802 (repealed). In reviewing the sufficiency of the evidence of driving while intoxicated on a public highway, street or road, the court of criminal appeals held that a parking lot is not a road, although the evidence could show a road through a parking lot. *Rouse v. State,* 651 S.W.2d 736 (Tex.Crim.App.1982); *Harris v. State,* 499 S.W.2d 9 (Tex.Crim.App.1973).

The evidence stipulated by the parties establishes appellant was driving a motor vehicle without a license in her immediate possession. The trial court was authorized to convict appellant only upon evidence of every material allegation contained in the complaint. There is no evidence to support the allegation that the parking lot was a public street, or for that matter that the parking lot was a Jack-in-the-Box parking lot, or that the offense occurred in the city of Cleveland in Liberty County on November 4, 1989. Point of error one is sustained. The judgment of the trial court is reversed and remanded for entry of an order of acquittal. *Burks v. United*

*States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

REVERSED AND REMANDED.