Kenneth KAPUSCINSKI, Appellant,

v.

STATE of Texas, Appellee.

No. 04–93–00397–CR.

Court of Appeals of Texas,
San Antonio.

May 25, 1994.

Tony Renteria, San Antonio, for appellant.

Steven C. Hilbig, Crim. Dist. Atty., Daniel Thornberry, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Before BUTTS, RICKHOFF and HARDBERGER, JJ.

## OPINION

HARDBERGER, Justice.

Appellant, Kenneth Kapuscinski, was charged by information with the offense of driving while intoxicated. Trial was before a jury in Bexar County Court at Law 9, Bonnie Reed presiding. Appellant was found guilty and punishment was assessed at probation and a fine. We affirm.

On February 28, 1992, Kapuscinski had been at the Broad Street Nightclub in Central Park Mall with his girlfriend. Appellant left the nightclub about 12:30 a.m. As he pulled out of the parking lot to leave, his car careened into a pickup truck, then knocked down the awning in front of the Broad Street Club, and came to a stop after hitting another car that was about to leave valet parking. Appellant just narrowly missed running into a crowd of twenty-five to fifty people gathered at the club's entrance. Appellant was arrested, charged and convicted of driving while intoxicated.

In his first point of error, Kapuscinski argues that the trial court erred in not allowing him to cross-examine the State's expert witness with learned treatises. During trial appellant attempted to cross-examine the State's expert witness, George Allen McDougall, the Bexar County breath test technical supervisor, with portions of three law review articles which he claims were learned treatises. The trial court did not admit portions of those law review articles into evidence. During the cross-examination, McDougall would not recognize any of the law review articles as authoritative. After the court refused to admit the law review articles into evidence appellant's attorney asked the court to note his objection. However, appellant never made an offer of proof or a bill of exception. Appellant claims the trial court's refusal to admit the law review articles is a violation of TEX.R.CRIM.EVID. 803(18).

■ Appellant failed to preserve his first point of error. The appellant never made an offer of proof or bill of exception to establish what portions of the law review articles appellant wished to use in his cross-examination of McDougall, nor is the identity of the articles clear from the trial record. The appellant has not met his burden of establishing what evidence he intended to offer which was excluded by the trial court. *See Stewart v. State*, 686 S.W.2d 118, 122 (Tex. Crim.App.1984); *Medina v. State*, 828 S.W.2d 268, 270 (Tex.App.—San Antonio 1992, no pet.); TEX.R.APP.P. 52(a)(b); TEX. R.CRIM.EVID. 103(a)(2).

We overrule appellant's first point of error.

In his second point of error, appellant alleges the State failed to prove that he drove a motor vehicle on a "public road" while intoxicated.

In reviewing a sufficiency of the evidence allegation, this court must review all of the evidence in the light most favorable to the verdict and determine if any rational trier of fact could have found all of the essential elements of the offense proven beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App.1991). The standard of review is the same in both direct and circumstantial evidence cases. Thus, the prosecution need not exclude every other reasonable hypothesis except the guilt of the accused. The evidence must be such that a rational trier of fact could have found the evidence sufficient. *Geesa v. State, supra.*

In reviewing the sufficiency of the evidence, the appellate court does not act as a thirteenth juror in assessing the evidence. *See Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App.1988). The jury as trier of fact is the exclusive judge of the credibility of the witnesses and the weight to be given to the evidence. *See Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App.1986). The jurors are also entitled "to draw reasonable inferences from basic facts to ultimate facts." *Dumas v. State*, 812 S.W.2d 611, 615 (Tex. App.—Dallas 1991, pet. ref'd).

The fact that a defendant provides a different version of events than that given by the prosecution at trial, does not render the evi-

dence insufficient. *See Little v. State,* 758 S.W.2d 551, 562–63 (Tex.Crim.App.1988). The accused's guilt may be established from the combined and cumulative force of all of the evidence; not every fact must separately indicate the guilt of the accused. *See Russell v. State,* 665 S.W.2d 771, 776 (Tex.Crim.App. 1983).

 The only element of the offense for which the appellant alleges there is insufficient evidence, is proof of driving on a "public place". The trial court submitted the following definition:

> A "public place" means any place to which the public or a substantial group of the public has access and includes, but is not limited to, streets, highways, and the common areas of schools, hospitals, apartment houses, office buildings, transport facilities and shops.

This definition correctly follows the appropriate statutes. *See* Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1(a)(4) (Vernon 1977); Tex.Penal Code Ann. § 1.07(a)(29) (Vernon 1974). The only remaining question is whether there was sufficient evidence to establish a "public place."

The testimony at trial established that the appellant was arrested after a traffic accident in the parking lot in front of two nightclubs located in Central Park Shopping Mall in San Antonio, Texas. Two police officers, who were working off duty as security guards for Broad Street Nightclub, testified that the parking lot was a public place. One officer described how the parking lot was in front of two nightclubs in a shopping mall parking lot. The clubs were crowded that Friday night and appellant avoided hitting a crowd of twenty-five to fifty people gathered at the entrance to Broad Street Nightclub.

The appellant himself testified that as he was driving out of the lot he brought the car to a stop at one point where there was "like a two way street; where traffic comes to the left and right.... and there were cars coming at the time ..." He testified that a crowd gathered after the accident. Appellant also testified that he left the club early because it became "too crowded" on Friday nights.

The present definition of public place encompasses "*any* place to which the public or a substantial group of the public had access." Tex.Penal Code Ann. § 1.07(a)(29) (Vernon 1974). The appellant drove on a parking lot provided for guests at the nightclubs open to the public, and which was crowded the night of the offense. The lot had "traffic" lanes and the appellant left early to avoid the "crowd". Under these and other facts, including the officers opinion that the lot was a "public place", the State discharged its burden. *See Cuero v. State,* 845 S.W.2d 387, 391 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd); *Thibaut v. State,* 782 S.W.2d 307, 308–309 (Tex.App.—Eastland 1989, no pet.).

In viewing the evidence most favorably to the judgment, we conclude that a rational fact finder could have found beyond a reasonable doubt that appellant, while intoxicated, operated a motor vehicle in a public place.

The second point of error is overruled.

The trial court's judgment is affirmed.