Roberto V. LOERA, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–99–00067–CR.

Court of Appeals of Texas,
Dallas.

March 14, 2000.

Kelly D. Ludy, McKinney, for State.

Before Justices KINKEADE, JAMES, and FITZGERALD.

## OPINION

Opinion by Justice FITZGERALD.

Roberto V. Loera appeals his conviction for public intoxication. This appeal challenges the legal sufficiency of the evidence to prove appellant appeared in a "public place" while intoxicated to the degree he was a danger to himself or others. Appellant waived a jury trial and pleaded not guilty before the court. The trial court found appellant guilty and assessed a $101 fine. We affirm.

### Facts

McKinney police sergeant Ron Jones testified he responded to a call about an intoxicated person creating a disturbance at a residence on Waddill Street. The residence had a circular driveway that led in from the street and exited onto the street, and there was a tree at the beginning of the driveway next to the street. When Jones approached the house, he saw a verbal confrontation occurring between appellant and a woman he identified as the complainant. Jones saw appellant standing next to the tree and a bicycle in the yard about forty feet from the street. Jones observed that appellant was unsteady on his feet, slurred his speech, and smelled of alcohol. Jones believed appellant did not have the use of his mental or physical faculties due to alcohol consumption and would injure himself or others if he rode the bicycle from that location. After backup officers arrived, Jones arrested appellant and took him to the Collin County jail.

Alicia Sanchez, the complainant and appellant's sister, testified she called the police because appellant would not leave her residence. Sanchez and her family were asleep when appellant rang their doorbell at 1:00 a.m. Sanchez's husband and daughter got up and went to the door. Sanchez's husband talked to appellant while standing at the door. One minute later, Sanchez got up and joined her husband at the front door. Sanchez testified she did not know if appellant had been drinking because he showed no signs of slurred speech or swaying. Sanchez asked appellant to leave because he had disturbed their sleep. Sanchez threatened to call the police if appellant did not leave her house. When appellant again refused to leave, Sanchez called the police, telling them she thought appellant was drunk and she did not want him at her house. When Sergeant Jones arrived, Sanchez again stated she thought appellant was drunk and she did not want him at her house. Sanchez testified she did not want appellant arrested; she only wanted him to leave her house. During this incident, Sanchez saw appellant standing on the walkway that led from the circular driveway to her front door.

Sanchez further testified that appellant got to her house on a bicycle, but she did not know from where he had come or when he had laid the bicycle in her yard. She thought he had arrived at the time he knocked on the door. Sanchez did state her house was located on a public street and that appellant had to ride the bicycle, his sole mode of transportation, on a public street to get to her house. After appellant was arrested, he asked Sanchez if he could leave the bicycle at her house. Sanchez told him "yes." She wanted police to take appellant home because she did not want him to injure himself riding the bicycle at night.

### Standard of Review

In reviewing the legal sufficiency of the evidence,[1] the critical inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v.*

---

1. Because appellant asks for an acquittal, we interpret appellant's complaint as a challenge to the legal sufficiency of the evidence and will not conduct a factual sufficiency review. *See Dorsey v. State*, 940 S.W.2d 169, 173 (Tex.App.-Dallas 1996, pet. ref'd).

*Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Griffin v. State,* 614 S.W.2d 155, 159 (Tex.Crim.App. [Panel Op.] 1981). The fact finder resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from the facts. *See Dumas v. State,* 812 S.W.2d 611, 615 (Tex.App.-Dallas 1991, pet. ref'd). The fact finder is free to accept or reject any or all of the evidence presented by either side. *See Saxton v. State,* 804 S.W.2d 910, 914 (Tex.Crim.App. 1991).

■ Appellant incorrectly argues his conviction cannot be sustained if the circumstantial evidence does not exclude every reasonable hypothesis except that of his guilt. The reasonable hypothesis analytical construct standard of review has long been rejected in favor of the *Jackson v. Virginia* standard of review. *See Geesa v. State,* 820 S.W.2d 154, 159 n. 6 (Tex. Crim.App.1991); *Peddicord v. State,* 942 S.W.2d 100, 103 (Tex.App.-Amarillo 1997, no pet.). Thus, this Court does not consider whether the evidence eliminates all reasonable hypotheses other than guilt, does not disregard reasonable inferences that can be drawn from the circumstantial evidence, and does not ultimately ask whether it believes the evidence at trial established guilt beyond a reasonable doubt. This Court must examine the totality of the circumstances surrounding the entire incident and evaluate each case on its own facts. Each case should stand or fall on the cumulative effect of the trial evidence presented. *Alexander v. State,* 740 S.W.2d 749, 758 (Tex.Crim.App.1987). This Court must position itself as a final due process safeguard, ensuring only the rationality of the fact finder. *See Urbano v. State,* 837 S.W.2d 114, 115–16 (Tex.Crim.App.1992); *Moreno v. State,* 755 S.W.2d 866, 867 (Tex. Crim.App.1988).

**Law of Public Intoxication**

A person commits the offense of public intoxication if he appears in a public place while intoxicated to the degree that he may endanger himself or another. *See* TEX. PEN.CODE ANN. § 49.02 (Vernon Supp. 2000); *see also Dickey v. State,* 552 S.W.2d 467, 468 (Tex.Crim.App.1977); *Segura v. State,* 826 S.W.2d 178, 184 (Tex. App.-Dallas 1992, pet. ref'd).

■ A public place is any place to which the public or a substantial group of the public has access and includes, but is not limited to, streets, highways, and the common areas of schools, hospitals, apartment houses, office buildings, transport facilities, and shops. *See* TEX. PEN.CODE ANN. § 1.07(a)(40) (Vernon 1994). This definition is open ended, and, as several decisions [2] have noted, the definition leaves discretion to the courts to expand its parameters where appropriate. Clearly, however, " 'if the public has any access to the place in question, it is public.' " *See Woodruff v. State,* 899 S.W.2d 443, 445 (Tex.App.-Austin 1995, pet. ref'd) (quoting 6 MICHAEL B. CHARLTON, TEXAS CRIMINAL LAW § 1.6 (Texas Practice 1994)). The focus of our attention in considering whether the State's evidence was sufficient to prove the element, "public place," should be "whether the place is one to which the public has access." *See State v. Nailor,* 949 S.W.2d 357, 359 (Tex.App.-San Antonio 1997, no pet.). The term "access," while not defined in the penal code in relation to the crime of public intoxication, is commonly defined as: "freedom of approach or communication; or the means, power, or opportunity of approaching, communicating, or passing to and from." *See* BLACK'S LAW DICTIONARY 13 (6th ed.1990). The key to determining the sufficiency of the evidence in this case turns on the meaning and application of the term

---

2. *See, e.g., United States. v. Collazo,* 117 F.3d 793, 795 (5th Cir.1997); *Perry v. State,* 991 S.W.2d 50, 51–52 (Tex.App.-Fort Worth 1998, pet. ref'd); *State v. Nailor,* 949 S.W.2d 357, 359 (Tex.App.-San Antonio 1997, no pet.); *Woodruff v. State,* 899 S.W.2d 443, 445 (Tex. App.-Austin 1995, pet. ref'd).

"access," not on the common understanding of the term "public."

### Analysis

█ The evidence is sufficient to prove the element of "public place" because the trial court could reasonably infer appellant used a public road or street to reach his destination and because direct evidence showed appellant stood on the front walkway leading to the front door of the residence during the incident. The facts and all reasonable inferences from the facts justify the trial court's conclusion that appellant rode his bike on the public streets that border his sister's private residence, deposited the bike on the front lawn, knocked on the front door at one o'clock in the morning, and thereafter engaged in a loud and argumentative conversation with his sister and her husband. At one point, appellant stood on the front sidewalk that led from the circular driveway to the front door.

Under these circumstances, the only reasonable deduction to be drawn is appellant rode his bike on the adjoining sidewalks and streets to reach his sister's house. A parallel may be drawn between these circumstances and those presented in *Banda v. State*, 890 S.W.2d 42 (Tex. Crim.App.1994). In *Banda*, a capital murder prosecution, the defendant claimed there was no probable cause to arrest him for public intoxication because the "place" where he was actually arrested, the side yard of his cousin's house, was "private" because it was a private residence. *Id.* at 52. The facts, however, showed that when the police arrived at his cousin's residence to question the defendant in a murder investigation, the defendant fled out the back door and jumped a fence into a neighbor's yard. *Id.* at 49. An extensive search by numerous police officers throughout the entire neighborhood during the course of an hour was fruitless, until several officers returned to the cousin's house to see if the defendant may have returned. *Id.* At this time the police apprehended the defendant in the side yard. The only reasonable conclusion was that the defendant had fled private property and evaded the police by using public property. *Id.* at 52.

Because a street and any adjoining sidewalk are clearly public places, the State's evidence proved the element of "public place." *See King v. State*, 732 S.W.2d 796, 803 (Tex.App.-Fort Worth 1987, pet. ref'd). This Court is not persuaded by the argument that somehow appellant could have taken a private route to reach his destination. This hypothesis, rejected by the trial court, is not reasonable and is purely speculation. No evidence in this record supports it. Equally important, the argument seeks to circumvent the correct standard of review as summarized above.

Somewhat more problematic, at least on its face, is appellant's argument that the front walkway leading to his sister's house is not a public place. Few cases address the term "public place" in relation to a private residence. Appellant relies heavily on language in *Commander v. State*, 748 S.W.2d 270, 271 (Tex.App.-Houston [14 th Dist.] 1988, no pet.), that "[a] private residence is not a public place, nor has the yard or driveway of a private residence ever been construed as such." [3]

3. In *Nixon v. State*, 928 S.W.2d 208 (Tex. App.-Beaumont 1996), *vacated*, 942 S.W.2d 625 (Tex.Crim.App.1997), a decision inapposite to *Commander*, the defendant was arrested for disorderly conduct based on an incident that occurred in the back yard of a private residence. A search of his person yielded cocaine, for which he was prosecuted and convicted. In his motion to suppress the controlled substance, the defendant argued he was illegally arrested because he was on private property, not public property. The police testified that while they were arresting the defendant's brother in the back yard of the residence, the defendant intervened and caused a major scene in front of at least fifty people already present, which prompted more people from a nearby apartment to gather at the location and the adjacent property behind the residence. The court of appeals concluded it "was not error for the trial court to conclude the private residence was

While the incident in *Commander* occurred in the driveway of a private residence, the decision itself did not turn on the fact that the location was a residence. The decision, instead, was based on the lack of evidence to show the defendant had ever driven or intended to drive the pickup parked in the driveway or to show he was a danger to himself or to the public.[4] *Id.* at 272.

This Court declines to adopt the broad language in *Commander* that a private residence, including the yard and driveway thereof, may not be a "public place." This critical determination should only be made after a careful examination of the facts, and the matter should be resolved on a case-by-case basis. The owner of a private residence may host an open house for a neighborhood party or gathering, or may advertise the residence as an "open house" for purposes of sale. In either situation, the private residence would be accessible to the public and, therefore, could be considered a "public place" for purposes of the statutory definition.

In the instant case, a walkway connected the front door of the private residence with a circular driveway leading to the street. If a member of the public, (*e.g.*, a postman, a salesman, a neighbor, a visitor, or a relative such as appellant) wanted to approach the house for any legitimate purpose (*e.g.*, to leave a message or to contact the occupant), the driveway and walkway provide the logical route and convenient,

unimpeded access. Under normal circumstances, the common citizen would have the "right to approach" the front door. *Cornealius v. State*, 900 S.W.2d 731, 733–34 (Tex.Crim.App.1995). In this case, the walkway and driveway immediately in front of the house were obviously designed to enable the public to have access to the house and, therefore, for the limited purposes of the statutory definition of "public place," the walkway in question falls within the meaning of "any place to which the public . . . has access." *See* TEX. PEN.CODE ANN. § 1.07(a)(40) (Vernon 1994). The application of the public intoxication statute under the circumstances of this case leaves undisturbed the notion that a person's home is his or her "castle" entitled to all the rudiments of fundamental privacy and ensures a criminal actor cannot create a "safe harbor" by usurping those privacy interests to legitimize otherwise criminal conduct and thereby avoid criminal prosecution.

Appellant was observed on the walkway in front of his sister's house. Under these circumstances, the State's evidence was sufficient to prove appellant was in a place to which the public had access, that is, a "public place" within the statutory definition.

Under either scenario, this Court holds the evidence is legally sufficient to prove that, at the time appellant was arrested, he was intoxicated and a danger to himself or others. Both appellant's sister and the

---

indeed a 'public place.' " *Id.* at 212. After the court of criminal appeals granted the defendant's petition for discretionary review, the State moved to amend and supplement the record because the trial court had entered findings of fact and conclusions of law unknown to either party and not included in the record on direct appeal. The court granted the State's motion and remanded for further proceedings. Upon remand, the court of appeals, in an unpublished opinion, again affirmed the judgment and sentence of the trial court (We refer to this unpublished opinion merely to show subsequent history and do not rely upon it for authority.) The defendant's petition for discretionary review was denied. *See also Bell v. State*, 866 S.W.2d 284, 287

(Tex.App.-Houston [1st Dist.] 1993, no pet.) (finding an abandoned house to be a public place).

4. In *Commander*, a police officer observed the defendant sit in the passenger seat of an unfamiliar pickup, get out, and lean against the back of the vehicle. Fearing a burglary in progress, the officer approached the defendant, briefly questioned him, and arrested him for public intoxication based upon observing several signs of intoxication. While the officer observed certain tell-tale signs of intoxication, no evidence suggested or intimated any real possibility of danger to the defendant or to the public.

arresting officer believed appellant was intoxicated and both were concerned about his safety.

Appellant's sister, the property owner, summoned the police at about one o'clock in the morning because appellant was creating a disturbance on her property. The police were told by the sister that appellant was drunk, he was unwelcome at that hour, he would not leave when asked to do so, and he apparently rode his bicycle from an unknown location to get to his sister's house. When the police arrived, appellant stood next to a tree located three feet from the street as he yelled at his sister.

The inferences the trial court could draw from the record are enough to support a finding that appellant appeared in a public place while intoxicated. *See Banda,* 890 S.W.2d at 52; *Segura,* 826 S.W.2d at 184–85 (evidence of potential danger to the defendant or others is sufficient to show element of endangerment); *State v. Savage,* 905 S.W.2d 272, 274 (Tex.App.-San Antonio 1995) (facts reasonably supported inference defendant was intoxicated when he drove to spot where officers found him), *aff'd on other grounds,* 933 S.W.2d 497 (Tex.Crim.App.1996); *Reynolds v. State,* 902 S.W.2d 558, 560 (Tex.App.-Houston [1 st Dist.] 1995, pet. ref'd) (danger need not be immediate). Viewing all of the evidence under the appropriate standard, we conclude it is legally sufficient to show appellant appeared in a public place while intoxicated. *See Jackson,* 443 U.S. at 318–19, 99 S.Ct. 2781; *Banda,* 890 S.W.2d at 52–53; *Stahle v. State,* 970 S.W.2d 682, 686–88 (Tex.App.-Dallas 1998, pet. ref'd); *see also* TEX. PEN.CODE ANN. § 49.02 (Vernon Supp.2000). Accordingly, we overrule appellant's point of error.

We affirm the trial court's judgment.