Opinion issued December 30, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00325-CR

———————————

Rory Clifford ellis, Appellant

V.

THE State of
Texas, Appellee



 



 

On Appeal from the 252nd District Court 

Jefferson County, Texas*



Trial Court Case No. 08-05110

 



 

MEMORANDUM OPINION

          A
jury convicted appellant Rory Clifford Ellis of felony
driving while intoxicated.  See Tex.
Penal Code Ann. §§ 49.04 (a),
49.09(b)(2) (Vernon 2003
& Supp. 2010).  The jury assessed punishment
at eight years’ imprisonment and a $5,000 fine. 
Ellis appeals, claiming the State presented insufficient evidence to
support the jury’s verdict.  We affirm.

Background

Ellis was arrested for driving while intoxicated after he
struck complainant Janie Corley’s parked car in front of a service
station.  Prior to the accident, Ellis
spent the morning with his mother who testified that they were together from
8:30 a.m. to approximately 10:00 a.m. 
She did not observe him consuming alcoholic beverages.  She stated that she had previously seen Ellis
intoxicated and that he did not appear to be intoxicated on that morning.

Brad Carr testified that Ellis came to his home around 10:00
a.m., and that he did not appear to be intoxicated.  Carr did not see Ellis consume any alcoholic
beverages.  The two talked and listened
to the radio for a couple of hours before Ellis offered to drive Carr to see
his daughter.  On the way, they stopped
at a service station.  Carr testified
that he purchased two caffeinated alcoholic beverages for himself.

While inside the convenience store Ellis spoke to his uncle,
Roy Reed, who was there buying milk. 
Reed testified that he had previously seen Ellis intoxicated and that he
did not appear intoxicated when they spoke.

Meanwhile, Corley pulled her vehicle up to the gas pump.  She observed numerous people driving into and
out of the service station parking lot and entering and leaving the convenience
store on the premises.  While Corley was
pumping gas, Ellis and Carr left the store. 
Ellis backed out of a parking space and struck Corley’s car at the pump.  After the accident, Corley asked Ellis to
show her proof of his insurance.  Ellis
offered his driver’s license and proceeded to look for his insurance
documentation.  When he did not
immediately produce it, Corley grew worried and called her son, State Trooper T.
Smith.  Corley did not observe Ellis
slurring his speech, stumbling, or leaning against his vehicle for
balance.  She testified that she spoke
with Ellis at a distance of approximately 5 feet and did not notice the smell
of alcohol on his breath.  She further
testified that she had previously observed intoxicated people and that Ellis
did not appear to be intoxicated at the time of the accident.

Smith was on duty at the time he received his mother’s call,
and he arrived approximately 10 to 15 minutes later.  He conducted a crash investigation and
interviewed both drivers.  He smelled an
alcoholic odor on Ellis’s breath and asked if he had consumed any alcohol.  Ellis initially responded that he had not had
anything to drink but then admitted that he had consumed some alcohol earlier
that morning.  Based on this statement
and the odor of alcohol, Smith conducted a field sobriety test.

Smith is trained to recognize signs of intoxication and to
conduct field sobriety tests.  He
administered the Horizontal Gaze Nystagmus test, which he testified is designed
to measure involuntary eye movements caused by the consumption of alcohol,
among other things.  He further testified
that officers administering this test are trained to look for 3 clues—lack of smooth pursuit, nystagmus
present at maximum deviation, and onset of nystagmus prior to 45 degrees—which can be present in each eye, for
a total of 6 clues.  He recorded 4 out of
6 clues, specifically “a lack of smooth pursuit present in both eyes and . . .
distinctive sustained nystagmus present at maximum deviation in both eyes.”

Smith then conducted two further field sobriety tests: the
walk and turn and the one-legged stand. 
Ellis showed signs of intoxication during both tests.  Smith testified that Ellis could not maintain
his balance during the instructional phase of the walk-and-turn test; he started
before being told to do so; several of his steps were not heel-to-toe or on the
line; and he made an improper turn.  During
the one-legged stand Ellis used his arms for balance, had a circular sway while
balancing, and put his foot down several times. 


Based on the totality of clues gathered during the field
sobriety tests, Smith concluded that Ellis was intoxicated and arrested him for
driving while intoxicated.  Smith offered
Ellis an intoxilyzer breath test, which he refused.  Ellis
was convicted by a jury of felony driving while intoxicated.  The jury assessed punishment at 8 years in
prison and a $5,000 fine.  Ellis filed a
timely notice of appeal.

Analysis

A person is guilty of driving while
intoxicated “if the person is intoxicated while operating a motor vehicle in a
public place.”  Tex. Penal Code Ann. § 49.04(a).  Driving while intoxicated is a felony of the
third degree if it is shown at trial that the defendant has previously been
convicted “two times of any other offense relating to the operating of a motor
vehicle while intoxicated . . . .” Id. § 49.09(b)(2).  In three issues, Ellis contends that the
evidence is insufficient to support a conviction for felony driving while
intoxicated.

We review the sufficiency of evidence to support a criminal
conviction to determine “whether, after viewing the evidence in the light most
favorable to the prosecution, any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.”  Jackson v. Virginia, 443 U.S. 307, 319,
99 S. Ct. 2781, 2789 (1979);
Brooks v. State, 323 S.W.3d 893, 894–95 (plurality op.), 926 (Cochran, J.,
concurring) (Tex. Crim. App. 2010).

I.                 
Public place

Ellis’s first and second issues specifically
challenge the legal sufficiency of the evidence to support a single element of
the offense of felony driving while intoxicated—that he committed the alleged offense “in a public place.”  Based on that contention, he argues generally
that the evidence was insufficient to support a guilty verdict and specifically
that the trial court should have granted his motion for instructed
verdict.  We construe a challenge to a
trial court’s denial of a motion for directed verdict as a challenge to the
legal sufficiency of the evidence.  See Canales v. State, 98 S.W.3d 690, 693
(Tex. Crim. App. 2003).  We therefore
apply the same analysis to both of these issues.

A public place is “any place to which the public or a
substantial group of the public has access and includes, but is not limited to,
streets, highways, and the common areas of schools, hospitals, apartment houses,
office buildings, transport facilities, and shops.”  Tex.
Penal Code Ann. § 1.07 (a)(40)
(Vernon Supp. 2010).  The list of
places described in the statute is non-exclusive.  See Loera
v. State, 14 S.W.3d 464, 467 (Tex. App.—Dallas 2000, no pet.).  The relevant inquiry is whether the public
has any access to the area.  Tex. Penal Code Ann. § 1.07(a)(40); see Loera, 12 S.W.3d at 467.

In State v. Nailor, 949 S.W.2d 357 (Tex. App.—San
Antonio 1997, no pet.), the court concluded that a hotel parking lot that was
open to the public 24 hours a day constituted a public place.  See
Nailor, 949 S.W.2d at 359.  The court
reached this conclusion because the hotel solicited the public to use the
parking lot and there was evidence that individuals and business people
regularly parked in the garage.  See id. 
Likewise, in Kapuscinski v.
State, 878 S.W.2d 248 (Tex. App.—San Antonio 1994, writ ref’d), the court
held that the parking lot of two nightclubs was a public place, based upon
testimony that the parking lot was provided for guests of the nightclub, which
was open to the public, and that a large crowd had gathered at the entrance to
the club.  See Kapuscinski, 878 S.W.2d at 250.

Ellis correctly notes that neither Corley nor Smith
specifically testified that the parking lot was a public place.  But the evidence showed that Ellis was
arrested at a gas station located at the intersection of two public roads.  Corley testified that when she pulled into
the service station, “there were several people pumping gas, people going in
and out of the convenience store . . . .” 
Both Carr and Reed testified that they purchased items at the
convenience store located on the premises. 
Viewing the evidence in the light most favorable to the verdict, we
conclude that a rational trier of fact could have determined beyond a
reasonable doubt that that the parking lot of a service station, to which the
public had unfettered access, was a public place within the meaning of the
statute.  See Kapuscinski, 878
S.W.2d. at 250 (mall parking lot); Thibaut
v. State, 782 S.W.2d 307, 308–09 (Tex. App.—Eastland 1989, no writ)
(condominium parking lot); Kindle v.
State, No. 05-01-01818-CR, 2003 WL 22707234, at *2 (Tex. App.—Dallas Nov.
18, 2003, no pet.) (mem. op., not designated for publication) (hotel parking
lot).  We hold that the evidence in not
legally insufficient to show that the alleged offense occurred in a public
place, and we overrule Ellis’s first and second issues.

II.              
Credibility of witnesses

Ellis’s third issue contends that the
jury improperly weighed the credibility of Smith’s testimony that Ellis was
intoxicated as compared to contradictory testimony by Corley and other witnesses
presented by the defense.  On this basis,
he challenges the factual sufficiency of the evidence.

We apply the Jackson
v. Virginia standard of review to this argument on appeal, and determine “whether, after viewing the
evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements
of the crime beyond a reasonable doubt.” 
Jackson, 443 U.S. at 319, 99
S. Ct. at 2789; Brooks, 323 S.W.3d at
894–95 (plurality op.), 926 (Cochran, J., concurring).  The jury is the exclusive judge of the
facts.  Tex.
Crim. Proc. Code Ann. arts. 36.13, 38.04 (Vernon 2007 & 1979); Brooks, 323 S.W.3d at 899.  Accordingly, “[a]ppellate courts should
afford almost complete deference to a jury’s decision when that decision is
based upon an evaluation of credibility.” 
Lancon v. State, 253 S.W.3d
699, 705 (Tex. Crim. App. 2008).  “The
jury is in the best position to judge the credibility of a witness because it
is present to hear the testimony, as opposed to an appellate court who relies
on the cold record.”  Id.

Ellis argues that the testimony of the State’s witnesses was
inconsistent and that the weight of all of the evidence presented at trial
supports the conclusion that he was not intoxicated.  He also argues that the jurors did not
properly account for Smith’s alleged bias when they weighed the credibility of
his testimony.

          There was evidence to suggest that
Ellis was not intoxicated.  Corley
testified that she did not smell alcohol on Ellis’s breath and that he did not
appear intoxicated.  Carr and Reed both
testified that they had previously seen Ellis intoxicated and that at the time
of his arrest he was not slurring his speech and did not appear
intoxicated.  In contrast, however, Smith
testified that he smelled alcohol on Ellis’s breath and observed several other
indicators of possible intoxication, including blood-shot eyes.  Smith’s testimony that Ellis admitted
consuming alcohol earlier that morning was uncontroverted.

The field sobriety tests also indicated intoxication.  Four out of six possible clues were present
when Smith administered the horizontal gaze nystagmus test.  During the walk and turn,
Ellis started the task
before being told to do so, could not maintain his balance during the
instruction phase, stepped off the line several times, did not step heel-to-toe
several times, and made an improper turn. 
Ellis also used his arms for balance, swayed in a
circular motion, and put his foot down several times during the one-legged
stand.

While Corley, Carr,
and Reed testified that Ellis did not appear intoxicated, the video
corroborates Smith’s testimony, and in any event, Ellis failed the field
sobriety test.  Furthermore, Smith was also
cross-examined on the subject of his alleged bias.  He confirmed that Corley was his mother, and
he testified that at the time of the arrest he was aware of the potential
appearance of bias.  He stated that he
attempted to have another trooper dispatched to the scene, but that there was
only one other trooper on duty that day, and she was already dispatched to
another accident.  With respect to the
administration of the field sobriety tests, he testified that the tests are
standardized and that he followed regular procedures.

          Ellis’s factual-sufficiency
challenge is entirely based on the credibility of the witnesses and the weight
given to their testimony—issues upon which this court must defer to the factfinder.  See
Lancon, 253 S.W.3d at 705.  Notwithstanding
any potential bias, Smith’s testimony would be sufficient to sustain Ellis’s
conviction because the
jury is free to believe or disbelieve the testimony of any witness in whole or
in part.  See Annis
v. State, 578 S.W.2d 406, 407 (Tex. Crim. App. 1979); McKinny v. State, 76 S.W.3d 463, 468–69 (Tex. App.—Houston [1st Dist.] 2002, no
pet.).  Considering all of the evidence in the light most favorable to the verdict,
we conclude that the jury could have found beyond a reasonable doubt that Ellis
committed all of the
essential elements of driving while intoxicated.  See
Soutner v. State, 36 S.W.3d
716, 721–722 (Tex. App.—Houston [1st Dist.] 2001, pet. ref’d) (holding that
evidence of intoxication was legally sufficient where defendant failed field
sobriety test and arresting officer testified that he smelled alcohol on
defendant’s breath).  We therefore hold that the
evidence is factually sufficient to sustain the jury’s guilty verdict.

Conclusion

We affirm the judgment of the trial court.

                                                                   

                                                                   

 

Michael
Massengale

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Higley and Massengale. 

Do
not publish.   Tex. R. App. P. 47.2(b).

 











*        The Texas
Supreme Court transferred this appeal from the Court of Appeals for the Ninth
District of Texas.  Misc. Docket No.
09-9049 (Tex. Apr. 13, 2009); see Tex.
Gov’t Code Ann. § 73.001 (Vernon 2005) (authorizing transfer of
cases).  We are unaware of any conflict
between the precedent of the Court of Appeals for the Ninth District and that
of this Court on any relevant issue.  See Tex.
R. App. P. 41.3.