COURT OF
APPEALS

                                                   EIGHTH DISTRICT OF
TEXAS

                                                              EL
PASO, TEXAS

 


 
 
  
  
 CRYSTAL BROOKE KELLY,
  
                                    
 Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                                     Appellee.
 
  
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
  
 '
 
 
  
  
                   No. 08-11-00164-CR
  
                          Appeal from
  
 County Criminal
 Court No. 10
  
 of Tarrant County,
 Texas
  
 (TC # 1194409)
 
 
 
 
  
 
 
  
 
 
  
 
 


                                                                  O
P I N I O N

 

Crystal
Kelly appeals her conviction of driving while intoxicated.  The trial court found her guilty and assessed
her punishment at a $500 fine and confinement for fifteen days in the county
jail.  We affirm.

FACTUAL SUMMARY

 

At
approximately 3:30 a.m. on March 25, 2010, Fort Worth Police Officer Armando
Reyna was walking out of the jail with Officer Steve Loud when he noticed a Chevy
Impala pulling into the public parking lot adjacent to the jail.  The vehicle pulled into a parking spot
normally reserved for marked units or detectives.  Reyna and Loud continued to their patrol unit
and began loading their gear when they heard someone vomiting.  Because the vomiting was so violent, the
officers walked over to the Impala to investigate.  As they approached, Appellant got out of the
driver’s door, squatted next to the left rear tire and began urinating.  The passenger in the vehicle was vomiting by
the side of the car.  After noticing the
police officers, Appellant pulled up her pants and got in the driver’s seat.  She immediately started the engine, and
placed the car in reverse.  Both officers
commanded her to put the car back in park and turn it off and she eventually complied.  The officers told Appellant she could not
park in that space but she argued that she could park there because it was her
father’s parking spot and his shift did not start until 6 a.m.  Officer James Shiderly, a member of a DWI
unit, was leaving the jail that morning when several officers flagged him down
to assist Reyna and Loud.  Shiderly
administered an alcohol evaluation and concluded Appellant was intoxicated.  The officers arrested her for driving while
intoxicated.  

Appellant
testified that she had been at a pool hall earlier that evening with her
husband and his brother.  A police
officer arrested her husband for public intoxication as they were leaving.  The officer told her she could follow him to
the jail and wait for her husband to be released.  Appellant arrived at the jail at 2:30 a.m.
and she parked in her father’s parking space. 
She was sober when she arrived at the jail but began drinking beer and
tequila while waiting for her husband.  Appellant
stipulated at trial that she was intoxicated, but denied driving while
intoxicated.   The trial court found Appellant guilty of
driving while intoxicated.

SUFFICIENCY OF THE EVIDENCE

 

In
her sole point of error, Appellant contends that the evidence is legally
insufficient to prove beyond a reasonable doubt that she operated a motor
vehicle in a public place.  

Standard of Review and Applicable Law

 

The
legal sufficiency standard articulated in Jackson
v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979),
is the only standard a reviewing court applies in determining whether the
evidence is sufficient to support a conviction.  Brooks
v. State, 323 S.W.3d 893, 894-95 (Tex.Crim.App. 2010).  Under the Jackson
standard, a reviewing court must consider all evidence in the light most
favorable to the verdict and in doing so determine whether a rational
justification exists for the trier of fact’s finding of guilt beyond a
reasonable doubt.  Brooks, 323 S.W.3d at 894-95, citing
Jackson, 443 U.S. at 319, 99 S.Ct. at 2789.  The trier of fact is the sole judge as to the
weight and credibility of witness testimony, and therefore, on appeal we must
give deference to those determinations.  See Brooks, 323 S.W.3d at 894-95.  If the record contains conflicting inferences,
we must presume the trier of fact resolved such facts in favor of the verdict
and defer to that resolution.  Id.  On appeal, we serve only to ensure the trier
of fact reached a rational verdict.  Id.  We
may not reevaluate the weight and credibility of the evidence produced at trial
and in so doing substitute our judgment for that of the fact finder.  King v.
State, 29 S.W.3d 556, 562 (Tex.Crim.App. 2000).

A
person commits the offense of driving while intoxicated if the person is
intoxicated while operating a motor vehicle in a public place.  Tex.Penal
Code Ann. § 49.04(a)(West Supp. 2012). 
A public place means any place to which the public or a substantial
group of the public has access, and includes, but is not limited to, streets,
highways, and the common areas of schools, hospitals, apartment houses, office
buildings, transport facilities, and shops. 
Tex.Penal Code Ann. § 1.07(a)(40)(West
Supp. 2012).  Courts have concluded that
if the public has any access to the place in question, it is public.  See Loera v. State, 14 S.W.3d 464, 467 (Tex.App.--Dallas 2000, no pet.); Woodruff v. State,
899 S.W.2d 443, 445 (Tex.App.--Austin 1995, pet. ref’d).  The 
Penal Code does not define access, but appellate courts have defined it
as: “freedom of approach or communication; or the means, power, or opportunity
of approaching, communicating, passing to and from.”  Loera,
14 S.W.3d at 467.  In reviewing the
sufficiency of the evidence to prove the public space element of DWI, the
relevant inquiry is whether the place is one to which the public has access.  Id.;
State v. Nailor, 949 S.W.2d 357, 359
(Tex.App.--San Antonio 1997, no pet.).

Appellate
courts have held that a parking lot is a public place for purposes of Section
49.04(a) where the evidence showed that the public had access to it.  In Kapuscinski
v. State, the San Antonio Court of Appeals held that a parking lot that was
meant for patrons of a nightclub was a public place because the public had
clear access to it.  Kapuscinski v. State, 878 S.W.2d 248, 250 (Tex.App.--San Antonio 1994,
pet. ref’d). The parking lot had traffic lanes and was consistently
crowded with people.  Id.  Likewise, in State v. Nailor the court of appeals found that a Holiday Inn
parking lot was a public place.  State v. Nailor, 949 S.W.2d 357 (Tex.App.--San Antonio 1997, no
pet.).  It further stated
that whether or not an area is enclosed or not is of no legal significance,
noting that even an entrance fee does not negate the public nature of an area.  Id.,
citing Lozano v. State, 650
S.W.2d 137, 139 (Tex.App.--Houston [14th Dist.] 1983, no pet.).  The relevant inquiry is whether the public can
enter the premises.  Id. 

Both
officers testified about the public’s access to the parking lot.  Officer Reyna testified that he normally only
sees marked units or detective cars park in the lot.  However, he also stated that the area was a
public place.  Officer Loud told Kelly
she could not park in the lot because it was not a public parking lot.  He testified that there were signs in the
parking lot that clearly stated that parking was restricted to marked units or
other authorized police vehicles.  When
asked if the parking lot was a public area, Loud answered in the affirmative
because there are no restrictions on access to the parking lot.  He added that he had observed many non-police
cars cut through the lot when traffic gets heavy at the nearby intersection. 

Appellant
argues that the parking lot is not a public space because it is intended to be
used only by authorized vehicles and it is not a “public parking lot.”  The evidence showing that public is not
permitted to park in the lot is not dispositive of the issue because whether
the area is a public space within the meaning of Section 49.04(a) turns on whether
the public has access to the area.  While
only authorized vehicles may park in the lot, it is not gated or otherwise
closed off to the public.  There is
evidence that the public has access to the parking lot and uses it frequently
to cut through when traffic is heavy at a nearby intersection.  Taken in the light most favorable to the
verdict, the evidence showed that the public has access to the parking lot where
Appellant operated the motor vehicle while intoxicated.  The evidence is therefore legally sufficient
to prove beyond a reasonable doubt that the parking lot is a public space.  We overrule Appellant’s sole point of error
and affirm the judgment of the trial court.

 

January 16, 2013                                 _______________________________________________

ANN CRAWFORD
McCLURE, Chief Justice

 

Before McClure, C.J., Rivera, and Antcliff, JJ.

Antcliff, J., not participating

 

(Do Not Publish)