COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| CRYSTAL BROOKE KELLY, | | No. 08-11-00164-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | County Criminal Court No. 10 |
| | § | |
| THE STATE OF TEXAS, | | of Tarrant County, Texas |
| | § | |
| Appellee. | § | (TC # 1194409) |

## O P I N I O N

Crystal Kelly appeals her conviction of driving while intoxicated. The trial court found her guilty and assessed her punishment at a $500 fine and confinement for fifteen days in the county jail. We affirm.

## FACTUAL SUMMARY

At approximately 3:30 a.m. on March 25, 2010, Fort Worth Police Officer Armando Reyna was walking out of the jail with Officer Steve Loud when he noticed a Chevy Impala pulling into the public parking lot adjacent to the jail. The vehicle pulled into a parking spot normally reserved for marked units or detectives. Reyna and Loud continued to their patrol unit and began loading their gear when they heard someone vomiting. Because the vomiting was so violent, the officers walked over to the Impala to investigate. As they approached, Appellant got out of the driver's door, squatted next to the left rear tire and began urinating. The passenger in the vehicle was vomiting by the side of the car. After noticing the police officers, Appellant pulled up her pants and got in the driver's seat. She immediately started the engine, and placed the car in reverse. Both officers commanded her to put the car back in park and turn it off and

she eventually complied. The officers told Appellant she could not park in that space but she argued that she could park there because it was her father's parking spot and his shift did not start until 6 a.m. Officer James Shiderly, a member of a DWI unit, was leaving the jail that morning when several officers flagged him down to assist Reyna and Loud. Shiderly administered an alcohol evaluation and concluded Appellant was intoxicated. The officers arrested her for driving while intoxicated.

Appellant testified that she had been at a pool hall earlier that evening with her husband and his brother. A police officer arrested her husband for public intoxication as they were leaving. The officer told her she could follow him to the jail and wait for her husband to be released. Appellant arrived at the jail at 2:30 a.m. and she parked in her father's parking space. She was sober when she arrived at the jail but began drinking beer and tequila while waiting for her husband. Appellant stipulated at trial that she was intoxicated, but denied driving while intoxicated. The trial court found Appellant guilty of driving while intoxicated.

## SUFFICIENCY OF THE EVIDENCE

In her sole point of error, Appellant contends that the evidence is legally insufficient to prove beyond a reasonable doubt that she operated a motor vehicle in a public place.

### Standard of Review and Applicable Law

The legal sufficiency standard articulated in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), is the only standard a reviewing court applies in determining whether the evidence is sufficient to support a conviction. *Brooks v. State*, 323 S.W.3d 893, 894-95 (Tex.Crim.App. 2010). Under the *Jackson* standard, a reviewing court must consider all evidence in the light most favorable to the verdict and in doing so determine whether a rational justification exists for the trier of fact's finding of guilt beyond a reasonable doubt.

*Brooks*, 323 S.W.3d at 894-95, *citing Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789. The trier of fact is the sole judge as to the weight and credibility of witness testimony, and therefore, on appeal we must give deference to those determinations. *See Brooks*, 323 S.W.3d at 894-95. If the record contains conflicting inferences, we must presume the trier of fact resolved such facts in favor of the verdict and defer to that resolution. *Id*. On appeal, we serve only to ensure the trier of fact reached a rational verdict. *Id.* We may not reevaluate the weight and credibility of the evidence produced at trial and in so doing substitute our judgment for that of the fact finder. *King v. State*, 29 S.W.3d 556, 562 (Tex.Crim.App. 2000).

A person commits the offense of driving while intoxicated if the person is intoxicated while operating a motor vehicle in a public place. TEX.PENAL CODE ANN. § 49.04(a)(West Supp. 2012). A public place means any place to which the public or a substantial group of the public has access, and includes, but is not limited to, streets, highways, and the common areas of schools, hospitals, apartment houses, office buildings, transport facilities, and shops. TEX.PENAL CODE ANN. § 1.07(a)(40)(West Supp. 2012). Courts have concluded that if the public has any access to the place in question, it is public. *See Loera v. State*, 14 S.W.3d 464, 467 (Tex.App.--Dallas 2000, no pet.); *Woodruff v. State*, 899 S.W.2d 443, 445 (Tex.App.--Austin 1995, pet. ref'd). The Penal Code does not define access, but appellate courts have defined it as: "freedom of approach or communication; or the means, power, or opportunity of approaching, communicating, passing to and from." *Loera*, 14 S.W.3d at 467. In reviewing the sufficiency of the evidence to prove the public space element of DWI, the relevant inquiry is whether the place is one to which the public has access. *Id*.; *State v. Nailor*, 949 S.W.2d 357, 359 (Tex.App.--San Antonio 1997, no pet.).

Appellate courts have held that a parking lot is a public place for purposes of Section

49.04(a) where the evidence showed that the public had access to it. In *Kapuscinski v. State*, the San Antonio Court of Appeals held that a parking lot that was meant for patrons of a nightclub was a public place because the public had clear access to it. *Kapuscinski v. State*, 878 S.W.2d 248, 250 (Tex.App.--San Antonio 1994, pet. ref'd). The parking lot had traffic lanes and was consistently crowded with people. *Id.* Likewise, in *State v. Nailor* the court of appeals found that a Holiday Inn parking lot was a public place. *State v. Nailor*, 949 S.W.2d 357 (Tex.App.--San Antonio 1997, no pet.). It further stated that whether or not an area is enclosed or not is of no legal significance, noting that even an entrance fee does not negate the public nature of an area. *Id*., *citing Lozano v. State*, 650 S.W.2d 137, 139 (Tex.App.--Houston [14th Dist.] 1983, no pet.). The relevant inquiry is whether the public can enter the premises. *Id.*

Both officers testified about the public's access to the parking lot. Officer Reyna testified that he normally only sees marked units or detective cars park in the lot. However, he also stated that the area was a public place. Officer Loud told Kelly she could not park in the lot because it was not a public parking lot. He testified that there were signs in the parking lot that clearly stated that parking was restricted to marked units or other authorized police vehicles. When asked if the parking lot was a public area, Loud answered in the affirmative because there are no restrictions on access to the parking lot. He added that he had observed many non-police cars cut through the lot when traffic gets heavy at the nearby intersection.

Appellant argues that the parking lot is not a public space because it is intended to be used only by authorized vehicles and it is not a "public parking lot." The evidence showing that public is not permitted to park in the lot is not dispositive of the issue because whether the area is a public space within the meaning of Section 49.04(a) turns on whether the public has access to the area. While only authorized vehicles may park in the lot, it is not gated or otherwise closed

off to the public.  There is evidence that the public has access to the parking lot and uses it frequently to cut through when traffic is heavy at a nearby intersection.  Taken in the light most favorable to the verdict, the evidence showed that the public has access to the parking lot where Appellant operated the motor vehicle while intoxicated.  The evidence is therefore legally sufficient to prove beyond a reasonable doubt that the parking lot is a public space.  We overrule Appellant's sole point of error and affirm the judgment of the trial court.

January 16, 2013                         _____
                                        ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.
Antcliff, J., not participating

(Do Not Publish)