**Debora Kay PERRY, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–97–729–CR.**

Court of Appeals of Texas,
Fort Worth.

Aug. 27, 1998.

Rehearing Overruled Oct. 1, 1998.

Publication Ordered Oct. 1, 1998.

Discretionary Review Refused
Feb. 3, 1999.

---

1. *Mendieta v. State,* 706 S.W.2d 651, 653 (Tex. Cr.App.1986).

Abe Factor, Fort Worth, for Appellant.

Charles Mallin, Asst. Crim. Dist. Atty., Fort Worth, for Appellee.

Before DAUPHINOT, RICHARDS and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

Debora Kay Perry was convicted by the trial court of DWI and sentenced by the jury to 90 days in jail, probated for two years, plus a $450.00 fine. On appeal, Perry contends that the evidence is legally and factually insufficient to support her conviction. We affirm the trial court's judgment.

A police officer observed Perry's car turn off of Randol Mill Road into Randol Mill Park at 4:00 am. The park was closed at that time, but there were no gates or other barriers to prevent the public from entering the park. The officer was assisting another officer with a traffic stop and noticed Perry's car driving erratically through the park. After a few minutes in the park, Perry attempted to leave by the same route she had entered and was stopped by the officer. The officer noticed Perry's slurred speech and a strong odor of alcohol on her breath. There was an open bottle of alcohol between her legs and several empty bottles in the back seat. The officer conducted the horizontal gaze nystagmus test, the walk and turn test, and the one leg stand test, all of which Perry failed.

Perry contends that the park she was stopped in was closed to the public and was not a "public" place as defined in Texas Penal Code section 49.04(a), that there was no testimony that Randol Mill Road was a public place, and that the State asserted throughout the prosecution that Perry was detained because she was in a closed city park and should now be estopped from contending it was a "public" place. Perry was convicted of DWI, which is defined as follows: "A person commits an offense if the person is intoxicated or while operating a motor vehicle in a public place." TEX. PENAL CODE ANN. § 49.04(a) (Vernon Supp.1998).

The definition of public place is cast in broad language. *See State v. Nailor*, 949 S.W.2d 357, 359 (Tex.App.—San

Antonio 1997, no writ). The distinctions Perry raises concerning "hours" of operation is without legal significance. The fact that a park's hours of operation are over and the public is not "supposed" to use the park is irrelevant to the determination of whether the place is one to which the public has access. The relevant inquiry is whether the public can enter the premises. *See Nailor*, 949 S.W.2d at 359. In the instant case, the evidence before the trial court was that the park was accessible to the public and is therefore a public place under 1.07(a)(40) of the penal code, regardless of its hours of operation or manner of access. *See* TEX. PENAL CODE ANN. § 1.07(a)(40) (Vernon 1994). Thus, the park falls squarely within the definition of a public place.

Additionally, while the State did contend that one of the reasons for the stop was that the park was "closed" to the public, this is only relevant to the officer's reasonable suspicion to make the stop. Perry does not contend the officer did not have reasonable suspicion to make the stop, only that the evidence is insufficient to support finding that she was operating a motor vehicle in a public place while intoxicated. No "estoppel" issue arises from these facts.

■ In reviewing legal sufficiency of the evidence, the judgment may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *See Matson v. State*, 819 S.W.2d 839, 846 (Tex.Crim.App.1991). We may only set aside the judgment if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Clewis v. State*, 922 S.W.2d 126, 129–30 (Tex.Crim.App.1996). Given the evidence of Perry's slurred speech, the presence of alcohol in her car, her failure of the field sobriety tests, that she was operating a motor vehicle, and that the park was easily accessible to the public at the time, the judgment was not irrational or so contrary to the overwhelming weight of the evidence as to be clearly wrong and

unjust. Perry's point is overruled. The trial court's judgment is affirmed.