COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-103-CR
JAIME SAM SHAUB           
           
           
           
           
    APPELLANT
V.
THE STATE OF TEXAS           
           
           
           
           
    STATE
------------
FROM COUNTY CRIMINAL COURT NO. 2 OF TARRANT COUNTY
------------
OPINION
------------
A jury convicted Appellant Jaime Sam Shaub
of driving while intoxicated (DWI), and the trial court sentenced him to 120
days in prison and a $650 fine, but suspended that sentence and placed him on
two years' community supervision. On appeal, Appellant complains that the
evidence at trial was legally and factually insufficient to support his
conviction. We affirm.
Lake Grapevine is located in Oak Grove
Park, within the city limits of Grapevine. Scott's Landing, where the events of
this case occurred, is a marina located on Lake Grapevine. The record shows that
people using the lake have access to various amenities at Scott's Landing,
including a boat dock, a boat ramp, and a combination grocery store and gas
station. In addition, a paved parking lot is located immediately adjacent to the
marina's boat ramp, although the record is not clear as to whether the marina
lease includes the parking lot.
One afternoon while waiting to use the
boat ramp at the marina, Mike Tanner noticed that Appellant was having trouble
at the ramp loading his boat onto the boat trailer attached to his Jeep, and
Tanner assisted him. Tanner noticed that Appellant had an unsteady gait, smelled
of alcohol, and had trouble standing up. After successfully helping Appellant
load the boat, Tanner saw Appellant get into his Jeep and drive the boat and
trailer out of the water and then about fifty to seventy-five feet before
disappearing around a corner. Suspecting that Appellant was intoxicated, Tanner
used his cell phone and called the police.
Paul Laywell, a park ranger for the U.S.
Army Corps of Engineers Grapevine Lake, heard a police dispatch on his radio
about a possible drunk driver at the marina. Ranger Laywell arrived at the boat
ramp area and saw Appellant parked in his Jeep in the parking lot adjacent to
the boat ramp. Appellant was behind the steering wheel with his arms crossed
around his head, and he appeared to be unconscious. When Ranger Laywell roused
Appellant, he notice that Appellant's speech was extremely slurred, his eyes
were bloodshot, and he smelled of alcohol.
Wan Lee, a Grapevine police officer,
arrived at the scene and noticed the same physical indications of intoxication
as had Tanner and Ranger Laywell. Officer Lee administered the horizontal gaze
nystagmus, the walk and turn, and the one-leg stand field sobriety tests, all of
which Appellant failed. Appellant admitted drinking several beers. In Officer
Lee's opinion, Appellant was intoxicated. Officer Lee arrested Appellant for
public intoxication, and later at the police station, when Officer Lee learned
that a witness had seen Appellant drive across the parking lot, Appellant was
charged with driving while intoxicated. Appellant was videotaped, refused to
take a breathalyzer test, and later apologized to another officer for cursing
while he was drunk.
Appellant was convicted of DWI. A person
commits the offense of DWI if the person operates a motor vehicle in a public
place while intoxicated. See Tex. Penal Code Ann. § 49.04(a) (Vernon
Supp. 2003). On appeal, Appellant contends that the evidence at trial was both
legally and factually insufficient to support his conviction for DWI because the
evidence was insufficient to prove that Scott's Landing, the marina in which he
drove, was a "public place."
In reviewing the legal sufficiency of the
evidence to support a conviction, we view all the evidence in the light most
favorable to the verdict. Cardenas v. State, 30 S.W.3d 384, 389-90
(Tex. Crim. App. 2000); Narvaiz v. State, 840 S.W.2d 415, 423 (Tex.
Crim. App. 1992), cert. denied, 507 U.S. 975 (1993). The critical
inquiry is whether, after so viewing the evidence, any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. McDuff
v. State, 939 S.W.2d 607, 614 (Tex. Crim. App.), cert. denied, 522
U.S. 844 (1997). This standard gives full play to the responsibility of the
trier of fact to resolve conflicts in the testimony, to weigh the evidence, and
to draw reasonable inferences from basic facts to ultimate facts. Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).
In reviewing the factual sufficiency of
the evidence to support a conviction, we are to view all the evidence in a
neutral light, favoring neither party. Johnson v. State, 23 S.W.3d 1, 7
(Tex. Crim. App. 2000); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim.
App. 1996). Evidence is factually insufficient if it is so weak as to be clearly
wrong and manifestly unjust or the adverse finding is against the great weight
and preponderance of the available evidence. Johnson, 23 S.W.3d at 11.
Therefore, we must determine whether a neutral review of all the evidence, both
for and against the finding, demonstrates that the proof of guilt is so
obviously weak as to undermine confidence in the verdict, or the proof of guilt,
although adequate if taken alone, is greatly outweighed by contrary proof. Id.
In performing this review, we are to give due deference to the fact finder's
determinations. Id. at 8-9; Clewis, 922 S.W.2d at 136.
Consequently, we may find the evidence factually insufficient only where
necessary to prevent manifest injustice. Johnson, 23 S.W.3d at 9, 12; Cain
v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).
The definition of a public place is cast
in broad language. Perry v. State, 991 S.W.2d 50, 51 (Tex. App.--Fort
Worth 1998, pet. ref'd). The penal code defines "public place" as the
following:

 any place to which the public or a
 substantial group of the public has access and includes, but is not limited
 to, streets, highways, and the common areas of schools, hospitals, apartment
 houses, office buildings, transport facilities, and shops.

Tex. Penal Code Ann. § 1.07(a)(40)
(Vernon 1994). The penal code's list of specific areas that are public places is
nonexclusive. In determining whether an area is a public place, the relevant
inquiry is whether the public has access to it. Loera v. State, 14
S.W.3d 464, 467 (Tex. App.--Dallas 2000, no pet.); see also Perry, 991
S.W.2d at 52. Although the penal code does not define "access," the
term is commonly defined as "'freedom of approach or communication; or the
means, power, or opportunity of approaching, communicating, or passing to and
from.'" Loera, 14 S.W.3d at 467 (citing Black's Law Dictionary 13
(6th ed. 1990)).
We hold that, in the instant case, the
marina is a public place. We agree with the State that the evidence before the
trial court was sufficient for the jury to infer that the public has access to
the marina and it therefore is a public place. Besides Officer Lee's and Ranger
Laywell's testimony that the marina is part of a public park, and Ranger
Laywell's testimony that the marina is a public place, the entire marina area
appears to be accessible to anyone who wants to use it. The marina has a grocery
store and a gas station where the public may purchase fuel for cars and boats.
Both Appellant and Tanner were using the boat ramp, and apparently anyone who
wanted to use it could do so. Tanner testified that he piloted his boat from the
water into the marina's dock area, and no evidence was adduced that the boat
ramp was restricted to only certain individuals' use.
After reviewing the evidence, we conclude
that the evidence is both legally and factually sufficient to support the jury's
verdict. A rational jury could have found from the facts and the reasonable
inferences from those facts that the marina was a public place within the
meaning of the statute. See McDuff, 939 S.W.2d at 614; Johnson,
23 S.W.3d at 9, 12.
We affirm the trial court's judgment.
 
DIXON W. HOLMAN
JUSTICE
 
PANEL B: HOLMAN, GARDNER, and WALKER, JJ.
PUBLISH
[DELIVERED JANUARY 16, 2003]